IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR BERNARD TRILLO,

        Petitioner,                  No. CIV S-06-1287 FCD GGH P

   vs.

T. FELKER, et al.,

        Respondents.            FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 12, 2006, petitioner filed the original petition and a motion to stay proceedings pending exhaustion of state court remedies. On November 12, 2006, respondent filed an opposition to petitioner's motion. For the following reasons, the court recommends that petitioner's motion be granted and this action be administratively stayed.

        District courts have the authority to stay a federal habeas petition. <u>Rhines v. Webber</u>, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535 (2005). A stay is appropriate where the district court determines good cause existed for the petitioner's failure to exhaust his claims in state court, and that such claims are potentially meritorious. <u>Id.</u> In <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 416, 125 S.Ct. 1807, 1813 (2005) the Supreme Court approved the filing of "protective petitions":

1

Finally, petitioner challenges the fairness of our interpretation. He claims that a "petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never 'properly filed,'" and thus that his federal habeas petition is time barred. Brief for Petitioner 30. A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. See Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 1531, 161 L.Ed.2d 440 (2005). A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court. Ibid.

On January 7, 2005, petitioner filed a petition for review in the California Supreme Court. On March 2, 2005, the California Supreme Court denied the petition. On January 23, 2006, petitioner filed a habeas corpus petition in the Sacramento County Superior Court. On August 31, 2006, the Superior Court issued an order to show cause. That petition is still pending.

Petitioner's conviction became final 90 days after the California Supreme Court denied his petition for review, i.e. on May 31, 2005. Patterson v. Stewart, 251 F.3d 1243 (9th Cir. 2001). Absent statutory or equitable tolling, petitioner had one year from that date to file a timely federal petition. 28 U.S.C. § 2244(d)(1)(A). The time during which a properly filed state habeas petition is pending tolls the limitations period. 28 U.S.C. § 2244(d).

Respondent states that petitioner used 237 days of his one year federal statute of limitations before he filed his habeas petition in state court. Respondent contends that since the state habeas matter is still pending, petitioner still has 128 days remaining to file a timely federal petition. As a result, respondent argues, a stay is unnecessary. This argument is without merit because petitioner's federal petition is the type of "protective" petition referred to by the Supreme Court in Pace, supra.

Respondent further argues that no "protective" petition is necessary because the Superior Court's order to show cause demonstrates that the petition was timely and therefore properly filed for purposes of tolling under 8 U.S.C. § 2244(d). Respondent suggests that under these circumstances petitioner could not have "reasonable confusion" regarding whether the

2

1 petition filed in the Superior Court was timely.

2 When petitioner filed his federal petition and motion to stay the show cause order
3 had not been issued. At that time petitioner's confusion regarding whether the state petition
4 would be timely was reasonable. Moreover, neither this court nor respondent can guarantee that
5 the Superior Court will find the state petition timely. Nor can the court guarantee that the
6 California Court of Appeal or the California Supreme Court will find petitioner's state petitions
7 timely. Petitioner's confusion regarding whether his petition filed in Superior Court is timely is
8 reasonable.

9 Because there is no claim that petitioner's claims are not meritorious and because
10 petitioner has shown good cause to support his request for a stay, the court recommends that his
11 motion be granted.

12 Accordingly, IT IS HEREBY RECOMMENDED that petitioner's June 12, 2006,
13 motion to stay proceedings be granted and this action be administratively stayed.

14 These findings and recommendations are submitted to the United States District
15 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
16 days after being served with these findings and recommendations, any party may file written
17 objections with the court and serve a copy on all parties. Such a document should be captioned
18 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
19 shall be served and filed within ten days after service of the objections. The parties are advised
20 that failure to file objections within the specified time may waive the right to appeal the District
21 Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22 DATED: 12/8/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

tril1287.157