IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR BERNARD TRILLO,

       Petitioner,                        No. CIV S-06-1287 FCD GGH P

       vs.

T. FELKER, et al.,

       Respondents.                FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss on grounds that not all claims are exhausted. After carefully considering the record, the court recommends that respondent's motion be denied.

       The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1  presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 512
2  (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).
3         A claim is fairly presented to the state courts when a petitioner references the
4  specific federal constitutional guarantee that was violated, as well as a statement of the facts that
5  entitle the petitioner to relief. Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir.2008) (citing Gray v.
6  Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 2074 (1996)).
7         On June 12, 2006, petitioner filed the original petition and a motion to stay
8  proceedings in order to exhaust additional claims. On February 2, 2007, the district court granted
9  this motion and this action was administratively stayed. On January 29, 2009, petitioner filed an
10 amended petition in which he represented that all claims were now exhausted. The amended
11 petition raises the following claims: 1) admission of evidence of gang membership violated his
12 right to due process; 2) exclusion of relevant exculpatory evidence violated his right to due
13 process; 3) prosecutorial misconduct (2 claims); 4) denial of right to an impartial jury; 5)
14 ineffective assistance of counsel (2 claims).
15        On February 9, 2009, the undersigned ordered respondent to file a response to the
16 amended petition. On September 15, 2009, respondent filed the pending motion to dismiss.
17 Respondent argues that one of petitioner's prosecutorial misconduct claims is unexhausted.
18        In the amended petition, petitioner first argues that the prosecutor committed
19 misconduct during closing argument when he argued that petitioner's claim of self-defense was
20 recently fabricated. Petitioner next argues that the prosecutor committed misconduct during
21 closing argument when he asked the jurors to imagine the reaction of their neighbors if they were
22 to go home and try to explain why they had acquitted petitioner. Respondent argues that this
23 second claim of prosecutorial misconduct is unexhausted because in his petition for review,
24 where he raised this claim, petitioner made no reference to the federal constitution in support of
25 this claim.
26 /////

The petition for review began with a section titled "Issues Presented for Review." Respondent's Lodged Document 2, p. 2. In this section, the at-issue prosecutorial misconduct claim was described as follows:

> E. Did the prosecutor also commit misconduct in arguing to the jury that they should be influenced by improper factors, such as their neighbors' reaction to an acquittal, and did the trial court fail to cure the prosecutor's misconduct, and did this misconduct violate the Fourteenth Amendment?

Id., p. 3.

In the next section of the petition, titled "Reasons Review Should Be Granted," petitioner described both of the prosecutorial misconduct claims raised in the instant petition then concluded, "Mr. Trillo urges that there was misconduct which violated the Fourteenth Amendment. He urges this Court go grant review." Id., pp. 5-6.

In the section of the petition for review where petitioner argued that the prosecutor committed misconduct by arguing that petitioner's claim of self-defense was recently fabricated, petitioner included a section titled "Governing Law Regarding Prosecutorial Misconduct." Id., pp. 28-29. This section included federal constitutional as well as state law standards regarding prosecutorial misconduct:

> "Prosecutorial misconduct implies the use of deceptive or reprehensible methods to attempt to persuade either the court or the jury." People v. Haskett (1982) 30 Cal.3d 841, 866. A prosecutor has a duty to prosecute vigorously. "But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much is duty to refrain from improper methods calculated to product a wrongful conviction as it is to use every legitimate means to bring about a just one." Berger v. United States (1935) 295 U.S. 78, 88 [55 S.Ct. 629]. Misconduct need not be intentional in order to constitute reversible error. People v. Bolton (1979) 23 Cal.3d 208, 214; People v. Pitts (1990) 223 Cal.App.3d 606, 691.
>
> Under the federal standard, prosecutorial misconduct that renders a trial fundamentally unfair affects a defendant's right to due process of law. United States v. Riebold (1998) 135 F.3d 1226; Cf. Darden v. Wainwright (1986) 477 U.S. 168, 181. Under state law, a prosecutor commits misconduct when he or she uses "deceptive or reprehensible methods to attempt or persuade either the court or the jury." People v. Espinoza (1992) 3 Cal.4th 806, 820; People v. Hill (1998) 17 Cal.4th 800, 819. It is improper for a prosecutor to knowingly argue a false inference to the jury, particularly where the prosecutor was responsible for the jury's ignorance of evidence contradicting the false inference. People v. Bittaker

1  (1980) 48 Cal.3df 1046, 1104-1105; People v. Martin (1983) 150 Cal.App.3d 148,
2  1680169; and People v. Varona (1983) 143 Cal.App.3d 566, 570.

3  Id., pp. 28-29.

4  After reciting this general standard, petitioner went on to cite both federal and state law more specific to the claim that the prosecutor committed misconduct by arguing that his defense was recently fabricated.  Id., pp. 30-32.

7  The next section of the petition for review discussed petitioner's claim that the prosecutor committed misconduct by arguing that the jurors should consider what they would say to their neighbors should they vote to acquit.  The discussion of this prosecutorial misconduct claim was much shorter than the discussion of the other prosecutorial misconduct claim.  Id., pp. 33-34.  It began with a description of the alleged misconduct, id. p. 35, then included a short section titled "This Argument Constituted Misconduct."  Id., p. 34.  This section did not restate the general law regarding prosecutorial misconduct contained in the discussion of the first prosecutorial misconduct claim.  Rather, this section stated that the prosecutor's comments constituted misconduct then cited three state law cases in support.  Id.

16  Respondent argues that the at-issue prosecutorial misconduct claim is not exhausted because in his discussion of the claim, petitioner cited only state law.  The undersigned disagrees.  As discussed above, in the introductory sections of the petition for review titled "Issues Presented for Review" and "Reasons Review Should Be Granted," petitioner clearly indicated that he was making a federal constitutional claim based on the at-issue prosecutorial misconduct.  In addition, while petitioner's discussion of his first prosecutorial misconduct claim included a general description of both state and federal prosecutorial misconduct standards, it is clear that petitioner meant this description to apply to both claims.  He should not be faulted for failing to restate the federal constitutional standards in support of the at-issue constitutional claim when it is clear that he meant these standards to apply to both prosecutorial misconduct claims.

26  \\\\\

1   While it is true that petitioner cited only state law in the discussion of the at-issue
2   claim, it is clear to the undersigned that petitioner intended to raise a federal constitutional claim.
3   It was presumably clear to the California Supreme Court as well.  For these reasons, the
4   undersigned finds that the at-issue prosecutorial misconduct claim is exhausted and recommends
5   that respondent's motion to dismiss be denied.
6   Accordingly, IT IS HEREBY RECOMMENDED that respondent's September 15,
7   2009, motion to dismiss (no. 26) be denied; and respondent be ordered to file an answer to the
8   petition within thirty days of the adoption of these findings and recommendations.
9   These findings and recommendations are submitted to the United States District
10  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
11  days after being served with these findings and recommendations, any party may file written
12  objections with the court and serve a copy on all parties.  Such a document should be captioned
13  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
14  shall be served and filed within ten days after service of the objections.  The parties are advised
15  that failure to file objections within the specified time may waive the right to appeal the District
16  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17  DATED: 12/23/09

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

tr1287.mtd